UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYNTHIA COHEN,

Plaintiff,

v.

JACQUELINE COLEMAN,

Defendant.

No. 2:24-cv-3054 DAD AC PS

ORDER and

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists and must sua sponte remand a case to state

court if subject matter jurisdiction is lacking. Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 790 (9th Cir. 2018).

B. The Complaint

Plaintiff removed this guardianship probate case from the Superior Court of California, William R. Ridgeway Family Relations Courthouse. ECF No. 1 at 4. In the "Notice of Removal" plaintiff lists as a basis for federal jurisdiction 28 U.S.C. §1983 and 28 U.S.C. §2201. Id. at 2. Plaintiff attached two orders from the family court case that indicate she is attempting to remove a petition for guardianship of her minor child. Id. at 4-6.

C. Analysis

A civil action may be removed from state to federal court if the action is one over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under federal law" for purposes of federal question jurisdiction under 28 U.S.C. § 1331 only "when a federal question appears on the face of the complaint." City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020). This is known as the "well pleaded complaint" rule. In addition, federal courts have original jurisdiction over actions between "citizens of different States" that satisfy the statutory amount in controversy requirement. 28 U.S.C. § 1332(a)(2). However, under the "domestic relations exception," federal courts lack power to issue or modify "divorce, alimony, and child custody decrees" on the basis of diversity jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); accord, Bailey v. MacFarland, 5 F.4th 1092, 1095-96 (9th Cir. 2021).[1] A defendant seeking removal bears the burden of establishing removal is proper. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). When a federal court lacks subject matter jurisdiction over a case removed from state court, the federal court "must remand[.]" Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

---

[1] The "domestic relations exception applies only to the diversity jurisdiction statute." Atwood v. Fort Peck Tribal Ct. Assiniboine, 513 F.3d 943, 947 (9th Cir. 2008).

This case must be remanded to state court because, though plaintiff references federal statutes in her notice of removal, there is no indication that any federal law is involved in the state court petition itself. Plaintiff cannot create federal jurisdiction by referencing it in the notice of removal, or attempting to bring in a federal defense. Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). Though there are some narrow exceptions to the well pleaded complaint rule, see City of Oakland v. BP PLC, 969 F.3d 895, 902 (9th Cir. 2020), none apply here. It is apparent from the family court orders attached to the notice of removal that the family court matter is not one which involves federal law.

With respect to diversity jurisdiction, there is no indication that plaintiff and defendant are citizens of different states, or that plaintiff is seeking removal based on diversity jurisdiction. ECF No. 1. Nonetheless, the court notes that this route to federal jurisdiction is unavailable under the family relations exception. Bailey, 5 F.4th at 1095-96. Accordingly, plaintiff has failed to establish that removal is proper, and this case must be remanded.

**II. Leave to Amend is Not Appropriate**

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

**III. Pro Se Plaintiff's Summary**

The Magistrate Judge is granting your request to proceed without paying filing fees but is recommending that your case remanded to state court because there is no basis for removal. You may object to this recommendation within 21 days if you wish to do so. The District Judge assigned to this case will make the final decision about whether the case should be remanded.

**IV. Conclusion**

Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED. Additionally, the undesigned recommends this case be REMANDED because there is no basis for removal to federal court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 12, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE