UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA COHEN, | No. 2:24-cv-03054-DAD-AC (PS) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REMANDING THIS ACTION |
| JACQUELINE COLEMAN, | |
| Defendant. | (Doc. No. 3) |

Plaintiff and defendant are individuals each proceeding *pro se* in this action; defendant proceeds *in forma pauperis* as well. (Doc. No. 3.) On November 4, 2024, defendant removed this family law action from the Sacramento County Superior Court to this federal court. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 13, 2024, the assigned magistrate judge issued findings and recommendations recommending that this action be remanded to the Sacramento County Superior Court. (Doc. No. 3 at 2–3.) Specifically, the magistrate judge concluded that this "case must be remanded to state court because, though [defendant][1] references federal statutes in her notice of

---

[1] The findings and recommendations mistakenly state throughout that plaintiff removed this action which was removed to this federal court by defendant.

1

1 removal, there is no indication that any federal law is involved in the state court petition itself.
2 [Defendant] cannot create federal jurisdiction by referencing it in the notice of removal, or
3 attempting to bring in a federal defense." (*Id.* at 3.)
4      The pending findings and recommendations were served on the parties and contained
5 notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
6 at 4.) On November 18, 2024, defendant filed her objections to the pending findings and
7 recommendations.[2] (Doc. No. 4.) In those objections, defendant appears to argue that this court's
8 subject matter jurisdiction over this action arises from her federal defenses or from the Federal
9 Rules of Civil Procedure, though her arguments are not entirely clear in this regard. (*Id.* at 1–6.)
10 Defendant also attaches as an exhibit to her objections a purported copy of her second amended
11 complaint in a separate action, in which she asserts claims arising under federal law against
12 several defendants including the plaintiff in this action, Cynthia Cohen. (*See id.* at 7–51.)
13 Nothing in defendant's objections suggests that the court would have original federal question
14 jurisdiction over this action. Consequently, nothing in defendant's objections provides a basis
15 upon which to decline to adopt the pending findings and recommendations.
16      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
17 *de novo* review of the case. Having carefully reviewed the entire file, including defendant's
18 objections, the court concludes that the findings and recommendations are supported by the
19 record and by proper analysis.
20      Accordingly:
21   1.   The findings and recommendations issued on November 13, 2024 (Doc. No. 3) are
22        adopted in full;
23   2.   The Clerk of the Court is directed to update the docket to reflect that the objections
24        filed on November 18, 2024 (Doc. No. 4) were filed by defendant Jacqueline
25        Coleman;
26 /////

---

[2] These objections are erroneously listed on the docket in this action as having been filed by plaintiff when, in fact, they were filed by defendant Coleman. (*See* Doc. No. 4.)

3. This action is remanded back to the Sacramento County Superior Court; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 25, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE